### DAVIS *v.* STATE.

[70 South. 578.]

ASSAULT WITH INTENT TO KILL. *Self defense. Corroborative evidence.*
Where in a prosecution for assault and battery with intent to
kill the theory of the defense, established by his evidence, was
that the person assaulted was the aggressor and that defendant
acted throughout in necessary self-defense, and accused testi-
fied that when the party assaulted advanced upon him, his wife
who was present, cried, "Don't Charlie; don't do that!" there be-
ing evidence that Charlie was the injured man's name. In such
case it was error to exclude the testimony of another witness who
was about two hundred yards distant, from the fight, that he
heard the injured man's wife cry "Don't Charlie, Don't."

APPEAL from the circuit court of Harrison county.
HON. JAS. H. NEVILLE, Judge.

Bing Davis was convicted of assault and battery and
appeals.

The facts are fully stated in the opinion of the court.

COOK, J., delivered the opinion of the court.

Appellant was tried upon an indictment charging him
with an assault and battery with the intent to kill and
murder. The jury returned a verdict finding him guilty
of assault and battery. The evidence was in sharp con-
flict; that of the state establishing his guilt, while his own

testimony, if believed, entitled him to a verdict of not guilty. There are several assignments of error, but we will consider one only.

The theory of defense, established by his evidence, was that the person assaulted was the aggressor, and that appellant acted throughout in necessary self-defense. Appellant testified that the person assaulted first made an assault upon him with a dangerous weapon—a chair—and that he struck in self-defense. Among the persons present was the wife of the party appellant is charged with assaulting; and appellant testified that, when her husband advanced upon appellant with the chair, his wife cried, "Don't Charlie; don't do that!" Appellant offered to prove by another witness that this witness was about two hundred yards from the scene of the battle, and heard the injured man's wife cry, "Don't Charlie, don't!" The proof shows that "Charlie" was her husband's name. Upon the objection of the state, this testimony was not permitted to go to the jury.

We think this evidence was pertinent and competent, and its rejection by the court, on the facts of this case, was reversible error.

*Reversed and remanded.*